358

SWANNER *v.* STATE.

(Knoxville, September Term, 1948.)

Opinion filed December 11, 1948.

C. P. SWAFFORD, of Dayton, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney-General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

The defendant was tried on an indictment charging assault with intent to commit murder in the first degree. The jury brought in the following verdict:

"We find the defendant guilty and fix his punishment at one year in the State Penitentiary."

The words of this verdict were carried into the judgment on which sentence was pronounced, but no offense was specified in the judgment. Motion for new trial was duly overruled and an appeal perfected in which errors are assigned on the assertion that the verdict and the judgment are void for uncertainty.

We think these assignments are valid and must be sustained. Neither the verdict nor the judgment specifies any offense and the punishment of imprisonment in the penitentiary for one year is applicable to a conviction either for assault with intent to commit murder in the second degree, or assault to commit voluntary manslaughter. The situation here is identical with that presented in the unreported decision of *Webster Willis* v. *State*, which was considered and approved in the course of the opinion of *Fuerst* v. *State*, 115 Tenn. 357, 360, 361, 89 S. W. 955, where the Court said:

"In that case (*Willis* v. *State*) the indictment was for an assault with intent to commit murder in the first degree, and the verdict was: 'We find the defendant guilty, and fix his punishment at two years in the penitentiary.' The verdict was held void for uncertainty. Here, it is to be observed, the jury did not say they found the defendant 'guilty as charged', as they do in the case now before the court; and it is to be observed also that they fix his punishment at two years, which they could not do if they had found the defendant guily of an assault with intent to commit murder in the first degree, since the

lowest term for that offense is three years. By fixing the term at two years, they indicated a purpose to find the defendant guilty of some lower grade, but what grade?

"The statute (section 7195, *supra*) (Sec. 11758 of 1932 Code) says, if they acquit him of the grade charged in terms, they shall specify the grade of which they do find him guilty. This was not done in the case referred to; hence the verdict was held to be fatally uncertain."

■ Obviously, if we affirm the conviction in the present case, we directly overrule the case of *Willis* v. *State*. Such affirmance would also be in conflict with the well established rule that to be valid, a judgment must be full and definite upon its face and not dependent upon extrinsic evidence for certainty or completeness. Freeman Judgments (5th Ed.), Vol. 1, sec. 72, pp. 126, 127. In the present case, even by extrinsic evidence, as is shown by the affidavits of two of the jurors which were filed at the time of the motion for a new trial, the jury never convicted the defendant of any specific offense, as was required of them by section 11758 of the Code.

Reversed and remanded.

All concur.