**STATE of Tennessee, Appellee,**

v.

**Johnny McJUNKIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

July 24, 1991.

---

James Harvey Stutts, Asst. Public Defender, 10th Judicial Dist., Sweetwater, for appellant.

Charles W. Burson, Tennessee Atty. Gen. and Ellen H. Pollack, Asst. Atty. Gen., Nashville, Jerry N. Estes, Dist. Atty. Gen. and Gregory C. Krog, Jr., Asst. Dist. Atty. Gen., Athens, for appellee.

## OPINION

BYERS, Presiding Judge.

The appellant was convicted, in separate jury trials, of two counts of driving while intoxicated, second offense. The cases have been consolidated for purposes of appeal and the following issues have been raised:

1. The trial court erred in becoming actively involved in the prosecution of the case (89–655) by examining the prosecuting witness to establish proof otherwise deficient in the state's case.

2. The court erred in admitting proof of a prior conviction when the warrant name and indictment name were not the same and were not otherwise identified to the appellant (89–655 and 90–258).

3. The court erred in allowing the introduction of sessions warrant # 96403 as proof of a prior conviction when the judgment had never been signed by the judge (89–655 and 90–258).

We find no merit to the allegations in issues one and two, but remand the cases for resentencing on the merits of issue three.

The record shows the appellant was arrested for driving under the influence of alcohol on September 9, 1989, (case no. 89–655) and again on January 25, 1990 (case no. 90–258). A two-count indictment was handed down for each incident; the second count of each indictment alleged that he had been previously convicted of driving under the influence on January 19, 1984 (case no. 96403).

After convicting the appellant on the first count in each case, the juries were asked to determine whether or not the appellant was a second-time offender. The only proof initially offered by the state was a certified copy of the January 1984 judgment from the McMinn County General Sessions Court. While explaining the judgment to the jury, the assistant district attorney general noted that the judgment had not been signed by the judge.

■ Defense counsel objected to the entry of the unsigned judgment at both trials. Both times, the state was permitted to present the testimony of the Circuit Court Clerk for McMinn County, who testified as to the customary and routine practice of the general sessions court judge who took the appellant's 1984 guilty plea. The clerk identified the handwriting on the judgment as her own. She stated it was the practice of this particular judge, now deceased, to have her fill out the judgment at the bench, at his direction. The judge would later sign all the judgments at the end of the day. Other documents customarily prepared after the entry of a judgment were also introduced into evidence.

■ The General Sessions Court is not a court of record in Tennessee. There are no signed minutes or other means of verifying a judgment that is not complete on its face. An unsigned judgment is void and cannot be used as proof of a prior conviction for the purpose of enhancing the sentence for a subsequent conviction.

The testimony of the clerk is not sufficient to overcome the obvious insufficiency of this judgment. Despite her testimony regarding the practice and custom of the judge, we really have no way of knowing why the judgment was not signed. A judgment must be "full and definite upon its face and not dependent upon extrinsic evidence for certainty or completeness." *Swanner v. State*, 187 Tenn. 358, 215 S.W.2d 784 (1948).

The signature of the judge is required on judgments of conviction in courts of record by Rule 32(e) of the Tennessee Rules of Criminal Procedure. There is no rational basis for lessening the requirements for a valid judgment in the lower courts.

The judgments in both cases, finding the appellant guilty of driving under the influence, are affirmed. The judgments finding him to be a second offender are reversed, and the cases remanded to the trial court for the purpose of resentencing the appellant as a first offender.

DWYER and SCOTT, JJ., concur.