IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 03C01-9805-CR-00189 |
| Appellee, | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Richard R. Baumgartner, Judge |
| TIMOTHY W. TIPTON, | ) | |
| | ) | (Motion to Vacate Judgment) |
| Appellant. | ) | |

FOR THE APPELLANT:

MARK E. STEPHENS
District Public Defender

PAULA R. VOSS
Assistant District Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

JAMES R. OWEN
Assistant District Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

R. STEPHEN JOBE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General
City-County Building
Knoxville, TN 37902

WILLIE R. HARPER
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

      The defendant, Timothy Wayne Tipton, has appealed as of right the action of the Knox County Criminal Court, denying his motion to vacate a judgment of the Knox County General Sessions Court because the judgment, although signed by the judge, was undated. The judgment was later the basis for a revocation proceeding, which precipitated this appeal. Based upon our review of the record and the applicable law, we affirm the order of the trial court denying the defendant's motion.

      The defendant was charged in Knox County General Sessions Warrant No. 95 21153K, issued on September 23, 1995, with simple assault - domestic violence. The same form, which charged the defendant with this offense, also bore the signature of the defendant to a written waiver of attorney provision and a waiver and guilty plea, the latter stating that the defendant entered a plea of guilty to the charge against him. The form does not bear a space for either of these two waivers to be dated. The same form then bears the judgment, wherein the defendant was found guilty of assault, ordered to pay court costs, received a sentence of eleven months and twenty-nine days, with all of the sentence suspended except for time served, and ordered to stay away from the victim and attend a men's group. Although the judgment bears the signature of the judge, it is undated on the line where the date was to be written, just above the signature line for the judge.

      On April 10, 1996, a separate document, styled "Violation of Probation," was issued by the Knox County General Sessions Court, this document bearing both the handwritten date of entry of the document into the record and the signature of the judge. According to the violation of probation form, the following accusations were made as to the defendant:

> It appearing to the Court that the defendant in the above-styled case was convicted of the offense of <u>ASSAULT</u> on the 25th day of <u>September</u>, 19<u>95</u> and received a sentence of <u>11/29</u> in the Knox County Penal Farm to be suspended except for <u>time served</u>, said suspension conditional upon <u>attend Men's Group Counseling, stay away from victim, payment of court costs and good behavior</u>, and it further appearing to the Court that the defendant <u>has not attended counseling, has not paid court costs, and was arrested on 10-23-95 for Public</u>

2

<u>Intoxication, warrant 4642K</u> (emphasis in original).

According to the handwritten entry and signature of the officer who signed the warrant, the defendant was arrested pursuant to it on March 19, 1997. According to an additional entry on the judgment portion of the warrant, the defendant's probation was revoked on December 18, 1997, because of his failure to comply with its provisions. The revocation bears both a handwritten date and the signature of the judge.

Because it is relevant in our consideration of this appeal, we will detail the proceedings in the Knox County Criminal Court. On December 29, 1997, by written order, the Knox County General Sessions Court granted the appeal of the defendant for a *de novo* hearing on the revocation of his probation. On April 21, 1998, the defendant filed a petition for writ of certiorari as to the charge of criminal assault, set out in Knox County General Sessions Warrant No. 95 21153K, which was the underlying basis for the revocation proceeding filed earlier by the defendant. The Knox County General Sessions Court, by order dated April 21, 1998, granted the petition for writ of certiorari and ordered that the general sessions court clerk deliver to the criminal court such records as the clerk had regarding Warrant No. 95 21153K.

According to the transcript which is part of the technical record in this matter, hearings were held in the Knox County Criminal Court on May 5, 6, and 7, 1998. On May 5, 1998, the Knox County Criminal Court entered an order denying the defendant's petition for writ of certiorari and continuing the case until May 6, 1998.

On May 6, 1998, the defendant filed a pleading styled "Memorandum in Support of Motion to Vacate Judgment," which argued that the original conviction for misdemeanor assault was based upon a judgment which was a nullity because it was undated. That memorandum appears to respond to the testimony elicited by the State on May 5, 1998, before the Knox County Criminal Court, through Carol Lassetter, courtroom clerk of the Knox County General Sessions Court. However, the record does not contain an actual motion to vacate judgment, only the memorandum which would support such a motion.

The technical record also contains a notice of appeal filed on behalf of the defendant on May 26, 1998, stating that the defendant appealed from the order of the court on May 6, 1998. However, there was no written order of the court on May 6, 1998. Rather, the written order denying the defendant's petition for writ of certiorari was filed on May 5, 1998. On May 6, 1998, the court made the following oral rulings:

> All right. In any event, I am going to let Mr. Tipton be on probation on this matter pending a review. Okay? I find that this was an omission subject to this. You need to put in the record -- I am assuming that piece of evidence exists--
>
> * * *
>
> --the release from the jail. You need to make that a part of the record -- after-filed exhibit. I am going to find this was an omission; that the judgment was effective; that the revocation was effective, and that he is currently serving the sentence on that revocation. Pending a review by the appellate court, I am going to release Mr. Tipton on his own recognizance.

In response to a question from counsel, the court stated that the ruling was that the error complained of by the defendant was a "clerical error under Rule 36."

Thus, the situation appears to be that the written order by the trial court as to the matters argued in this appeal by the defendant was entered on May 5, 1998, with the court's explanation of its reasons for the ruling being on May 6, 1998. However, since both parties, in their appellate briefs, have proceeded as if the May 6, 1998, oral ruling of the court was the one being appealed, we will consider the rationale of the trial court in that ruling.

The parties have quoted from and argued extensively regarding what appears to be the scant legal authority regarding a judgment missing one or more of its elements.

In Swanner v. State, 215 S.W.2d 784 (Tenn. 1948), our Supreme Court considered the effect of a jury verdict finding the defendant guilty and fixing a sentence but failing to specify the charge of which the defendant had been convicted. Apparently, in that case, affidavits had been obtained from two jurors and filed at the time of the defendant's motion

4

for a new trial. The Court described the affidavits as stating that "the jury never convicted the defendant of any specific offense, as was required of them by section 11758 of the Code." Swanner, 215 S.W.2d at 785. Accordingly, the Court reversed the conviction of the defendant.

The question in State v. McJunkin, 815 S.W.2d 542 (Tenn. Crim. App. 1991), was whether, in a trial seeking to convict the defendant as a second-time DWI offender, the prosecution could utilize, for enhancement purposes, a previous DWI conviction of judgment which, although certified, was not signed by the trial judge. The prosecution tried to cure this gap in its proof as to the defendant's prior conviction by presenting testimony by the circuit court clerk who testified as to the custom and routine of the general sessions judge, then deceased, who had presided at the 1984 guilty plea of the defendant. According to the testimony of the clerk, that judge would normally sign all judgments at the end of the day. In holding that the attempted rehabilitation by testimony as to the judge's usual custom and practice was not sufficient, the court stated:

> The General Sessions Court is not a court of record in Tennessee. There are no signed minutes or other means of verifying a judgment that is not complete on its face. An unsigned judgment is void and cannot be used as proof of a prior conviction for the purpose of enhancing the sentence for a subsequent conviction.

McJunkin, 815 S.W.2d at 543.

The Tennessee Rules of Criminal Procedure[1] contain certain provisions regarding judgment. Rule 32(e) provides in pertinent part as follows:

> A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.

In addition, Rule 36 states:

---

[1] The circumstances under which these rules apply to the General Sessions Courts are set out in Rule 1, Tennessee Rules of Criminal Procedure, and the Advisory Commission Comments thereto.

> Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

The judgment in question in this appeal appears to have the essential elements required by Rule 32. Further, we note that the trial court conducted an extensive hearing, apparently in accord with the procedure followed by the prosecution in McJunkin as well as that envisaged by Rule 36.

In that hearing, the State presented, as its witness, Ms. Carol Lassetter, a twenty-year employee of the general sessions court. Ms. Lassetter testified that the warrant was issued in the matter on September 23. Further, she said that the defendant signed the waiver, entered a plea of guilty, and that a special judge signed the judgment. As to the date when these occurred, she stated that it was "probably" September 24 or 25, fixing this date by the customary procedures utilizing a special judge during the fall judicial conference.

Under the circumstances of this case, we believe that the general sessions judgment, although undated, can be used as the basis for the revocation of the sentence imposed upon the defendant. We reach this conclusion without the necessity of deciding whether the attempt at rehabilitation of the verdict was adequate or the extent to which such a procedure may be utilized. It is undisputed that the general sessions warrant, charging the defendant with simple assault, was issued on September 23, 1995, for the warrant bears both that date as well as the signature of the issuing magistrate. Further, it is undisputed that a violation of probation warrant was issued on April 10, 1996, charging the defendant with violating his probation. We further note that the mittimus bears the date of September 24, 1995, on the photograph of the defendant, and that the release form, which is attached to the mittimus, bears the signature of the judge of Division 3 of the Knox County General Sessions Court and orders the release of the defendant. This release form bears the handwritten date "the 25 day of Sept. 1995" and, on the line styled "release," states "11 mo 29 days susp all but time served." Thus, based upon the other

6

records, it seems highly likely that the defendant did enter a guilty plea on September 25, 1995, and was released that same day.

Therefore, under the unique facts of this case, we believe that the omitted date from the judgment is not an error of such nature as to make the judgment void. It seems clear that the defendant entered a guilty plea to the offense of assault[2] almost immediately after he was arrested on September 23, 1995. According to the records submitted with the mittimus, he was released from jail on September 25, 1995, with credit for time served, and given a probationary period of eleven months and twenty-nine days. On April 10, 1996, a violation of probation warrant was issued for the defendant's arrest, charging him with violation of his probation.[3] Thus, it is without question that, during the period of his probation, the defendant was charged with the violation of probation. While we can envision circumstances under which it might be questionable whether a violation of probation had been charged during a period of probation, that is not the case here.

We distinguish this matter from the holdings in Swanner and McJunkin. Certainly the absence of the date of a judgment, when it is shown that the judgment occurred on one of two days and that the notice of revocation was filed within the period of probation, cannot be equated with the failure of the jury verdict to specify the offense of which the defendant was convicted, as in Swanner, or the failure of the judge to sign the judgment as in McJunkin. Likewise, under the facts of this case, we believe that the general sessions judgment meets the requirements of Rule 32, Tennessee Rules of Criminal Procedure.

The holding in this matter should not be used for the proposition that a court of record acting on an appeal, pursuant to Rule 32, Tennessee Rules of Criminal Procedure,

---

[2]According to the testimony of Ms. Lassetter, this occurred on either September 24 or 25, 1995.

[3]The violation of probation form, signed by the judge of the Knox County General Sessions Court, recites that the defendant had been convicted of assault on September 25, 1995.

7

can correct a deficiency in the judgment of a general sessions court. To reach the decision we have in this appeal, we do not need to determine whether the Knox County Criminal Court had the authority, pursuant to Rule 36, Tennessee Rules of Criminal Procedure, or whether such a correction could be made by only the general sessions court, as the defendant has urged.

Based upon the reasoning and the authorities set out herein, the judgment of the trial court is affirmed.

_____
ALAN E.  GLENN, JUDGE

CONCUR:

_____
JAMES CURWOOD WITT, JR., JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE