# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 10, 2009

## STATE OF TENNESSEE v. DAVID F. HENNING

**Direct Appeal from the Circuit Court for Dyer County**
**No. 08-CR-38     Russell Lee Moore, Jr., Judge**

---

**No. W2009-00758-CCA-R3-CD  - Filed February 12, 2010**

---

The defendant, David Franklin Henning, was convicted by a Dyer County jury of simple possession of cocaine, a Class A misdemeanor, and tampering with evidence, a Class C felony.  He was subsequently sentenced as a career offender to concurrent sentences of eleven months and twenty-nine days and fifteen years.  On appeal, he raises two issues for our review: (1) whether the evidence was sufficient to support his conviction for tampering with evidence; and (2) whether he was inappropriately sentenced as a career offender. Following review of the record, we find no error and affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and J.C. MCLIN, JJ., joined.

James E. Lanier, District Public Defender, and H. Tod Taylor, Assistant Public Defender, for the appellant, David F. Henning.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen W. Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

Officer Shawn Crouch with the Dyersburg Police Department was on routine patrol in an area known for high drug activity when he observed the defendant's vehicle stop in the middle of the roadway next to another vehicle.  Officer Crouch further observed that the drivers of the two vehicles reached through the windows and exchanged something.  He

proceeded to follow the defendant's vehicle and, upon observing him roll through a stop sign and determining that the defendant was traveling approximately fifteen to twenty miles per hour over the posted speed limit, activated his blue lights to initiate a traffic stop.

Officer Crouch approached the vehicle and saw the defendant lean out of the driver's side window and place his right arm on the door, while keeping his left arm in the car out of Officer Crouch's view. While Officer Crouch was speaking with the defendant, the defendant continued to keep his left arm "down toward the side" of the seat, which raised Officer Crouch's suspicions. Upon being asked to produce his driver's license, the defendant attempted to retrieve it from his wallet using only his right hand. Because he observed that the defendant's left hand was clenched, Officer Crouch asked him what was in his hand. The defendant responded twice that he had "nothing," but eventually lifted his hand "real quick," and Officer Crouch saw "a lighter and a small white rock," which he believed to be crack cocaine. The defendant denied to Officer Crouch that it was cocaine, but he reached down between his legs with his left hand, threw his wallet, then reached between his legs with his right hand, and appeared to be either "grabbing" or "crushing" something. Officer Crouch again asked to see the defendant's hands, but the defendant kept holding them down. At that point, Officer Crouch grabbed the defendant's arm because he did not know if the defendant was armed or was trying to destroy evidence of crack cocaine in the vehicle. When Officer Crouch grabbed the defendant's hands, the defendant "came crawling out of the window." He initially attempted to keep the defendant inside the vehicle, but the defendant was insistent upon getting out.

After the defendant was outside the vehicle, he and Officer Crouch struggled. The defendant reached back inside the car to grab the cocaine that was sitting on the driver's seat. The struggle continued until Officer Crouch subdued the defendant with pepper spray. Afterwards, officers found .08 grams of crack cocaine inside the car. The officers stated that much of it had gotten outside the vehicle and that they were unable to collect it because of the windy conditions.

Based upon these actions, the defendant was indicted by a Dyer County grand jury for possession of cocaine greater than 0.5 grams with intent to sell or deliver, tampering with evidence, and resisting arrest. At the subsequent jury trial, the defendant testified that on the day of the incident, he was in possession of crack cocaine valued at approximately five dollars, but he denied that he intended to sell it. He testified that he had the cocaine in his hand until Officer Crouch grabbed him, at which point it fell to the floor. The defendant was insistent that he did not tamper with any evidence. He further asserted that Officer Crouch was trying to cause him "bodily harm" during the exchange and that he was attempting to retrieve his wallet when he fell back into the car. A video tape of the entire incident was also admitted into evidence.

After hearing the evidence presented, the jury found the defendant guilty of simple possession of cocaine and tampering with evidence. The charge of resisting arrest was dismissed after the jury was unable to reach a verdict. At the subsequent sentencing hearing, the presentence report was admitted without specific objection by the defendant, although trial counsel did note that the defendant did not recall being convicted of certain offenses. The defendant was then sentenced as a career offender to fifteen years for the tampering with evidence conviction and to eleven months and twenty-nine days for the possession conviction. The trial court further ordered that the two sentences were to be served concurrently to each other but consecutively to a previous conviction for aggravated assault. Following the denial of his motion for new trial, the defendant filed the instant timely appeal.

**Analysis**

On appeal, the defendant has raised two issues for our review. First, he contends that the evidence presented is not sufficient to support his conviction for tampering with evidence. Second, he asserts that the trial court imposed an excessive sentence based upon the fact that the defendant did not qualify to be sentenced as a career offender.

## I. Sufficiency of the Evidence

First, the defendant contends that the State failed to present sufficient evidence to support his conviction for tampering with evidence. Specifically, he contends that "[i]f the officer's testimony [that the defendant had a significant amount of cocaine which he was crumbling between his legs] is to be believed, . . . either crumbs or residue, would have been found in either the front seat or floorboard if the facts were as the officer described." He further asserts that "[t]he only logical conclusion that can be drawn after seeing on tape the amount of time that the Defendant was able to reach back into the car is that the Defendant had only one small piece of crack cocaine for his personal use which was knocked from his hand when the officer grabbed him."

In considering the issue of sufficiency of the evidence, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). This court will not reweigh or reevaluate the evidence

presented. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978).

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt so that, on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The defendant was convicted of tampering with evidence, which is defined in Tennessee Code Annotated section 39-15-503(a). The statute, in relevant part, states that:

> It is unlawful for any person, knowing that an investigation or official proceeding is pending or in progress, to:
>
> (1)     Alter, destroy, or conceal any record, document or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]

T.C.A. § 39-15-503(a) (2006). A reading of the defendant's argument reveals that he is challenging the credibility of Officer Crouch's testimony based upon the defendant's assertion that the officer's testimony was not logical based upon the evidence found at the scene. However, as noted numerous times by this court, it is not our province to reweigh or reevaluate credibility determinations made by a jury. In this case, Officer Crouch's testimony was put before the jury, who, based upon their finding of guilt, obviously accredited the testimony given, a decision which this court will not disturb.

Based upon the record before us, we conclude that the evidence presented was more than sufficient to support the jury's finding that the defendant, while aware that an investigation was being conducted, "altered, destroyed, or concealed" evidence which could have been used against him. Officer Crouch testified that, during the course of a proper traffic stop, he approached the defendant's vehicle and observed the defendant keeping his left arm down and inside the vehicle. Upon questioning, the defendant eventually revealed a lighter and a rock of crack cocaine in his left hand. The officer testified that he then observed the defendant lower his hands and begin crushing the cocaine inside the car. When the officer grabbed the defendant's arm, the defendant began to struggle and eventually emerged through the window of the car. During the altercation, the defendant reached back inside the car and grabbed the cocaine which, according to the officer, flew out the window

due to windy conditions. Based upon this testimony, we conclude that the record supports the conviction.

## II. Sentencing

Next, the defendant contends that he received an excessive sentence based upon the trial court's consideration of him as a career offender. Specifically, he contends that of the eight total prior felonies on his record, "three of the prior felonies have the same offense date and as such are considered one (1) felony" and that a judgment of conviction form for one of the remaining felonies is not signed by the judge. As such, he contends that he should have been sentenced as a Range III offender because the State has failed to establish that he has the requisite six felonies required to be sentenced as a career offender.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. T.C.A. § 40-35-401 (2006), Sentencing Comm'n Comments; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. T.C.A. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999); *see also State v. Carter*, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely *de novo* without the presumption of correctness. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991); *see also Carter*, 254 S.W.3d at 344-45. In conducting a *de novo* review of a sentence, this court must consider: (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and argument as to the sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. T.C.A. § 40-35-210(b) (2006); *see also Carter*, 254 S.W.3d at 343; *State v. Imfeld*, 70 S.W.3d 698, 704 (Tenn. 2002).

Tennessee Code Annotated section 40-35-108 (2006) states as follows:

(a) A "career offender" is a defendant who has received:

(1)　　Any combination of six (6) or more Class A, B, or C prior felony convictions, and the defendant's conviction offense is a Class A, B or C felony;

(2)　　At least three (3) Class A or any combination of four (4) Class A or Class B felony convictions if the defendant's conviction offense is a Class A or B felony; or

(3)　　At least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony.

In determining the number of prior convictions a defendant has received:

(1)　　"Prior conviction" means a conviction for an offense occurring prior to the commission of the offense for which the defendant is being sentenced:

(2)　　All prior felony convictions including those occurring prior to November 1, 1989, are included;

. . . .

(4)　　Except for convictions for which the statutory elements included serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims, convictions for multiple felonies committed within the same twenty-four-hour period constitute one (1) conviction for the purpose of determining prior convictions[.]. . . .

*Id*. at (b). The statute goes on to provide that a defendant found to be a career offender shall receive the maximum sentence within the applicable Range III range. *Id*. at (c).

Here the defendant was convicted of Class C felony tampering with evidence. It is undisputed that the trial court determined that he was a career offender based upon eight prior felony convictions and sentenced the defendant to fifteen years, the maximum sentence allowable, for a Range III offender. The record indicates that the defendant has prior convictions for: (1) Class C felony aggravated assault; (2) Class C felony selling cocaine; (3) Class C felony conspiracy to sell cocaine; (4) Class B felony selling cocaine; (5) Class C felony selling cocaine; (6) Class C felony selling a Schedule II drug; (7) Class C felony sale of a Schedule II drug; and (8) simple robbery. As previously noted, because the defendant

was convicted of a Class C felony, in order to be classified as a career offender, six prior felony convictions are required.

We agree with the defendant that, although the record indicates eight prior felony convictions, three of those convictions occurred upon the same day. The record indicates that on November 29, 1990, the defendant committed the offenses of conspiracy to sell cocaine and two counts of selling cocaine. Because the offenses were all committed on the same day and the statutory element of these crimes do not include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury, these three convictions constitute only one conviction for the purpose of determining prior convictions. *See* T.C.A. § 39-35-108(b)(4). The State concedes this point on appeal. As such, only six prior felony convictions are available to enhance the defendant to career offender status.

The defendant additionally challenges his felony conviction for simple robbery, which occurred in 1982, and for which he received a sentence of five years. He asserts that the judgment of conviction, which is included in the record, is void and cannot be used as proof of a prior conviction because it is not signed by the trial court judge. Relying upon *State v. McJunkin*, 815 S.W.2d 542, 543, for the proposition that an unsigned judgment is void and cannot be used as proof of a prior conviction for the purpose of enhancing the sentence for a subsequent conviction, the defendant contends that his simply robbery conviction is not available for enhancement purposes.

The State argues that *McJunkin* is distinguishable as the question in that case was whether in a trial seeking to convict the defendant as a second-time DWI offender, the prosecution could utilize, for enhancement purposes, a previous DWI conviction of judgment which, although certified, was not signed by the trial judge. Additionally, the State asserts that the case is distinguishable because the unsigned judgment in *McJunkin* was from a general sessions court rather than a court of record. This court has previously held, relying on *McJunkin*, that "an unsigned general sessions court judgment is void and cannot be used as proof of a prior conviction for enhancement purposes." *State v. Jimmy M. Millican*, No. M2000-02298-CCA-R3-CD (Tenn. Crim. App. at Nashville, Jan. 31, 2002) (citing *McJunkin*, 815 S.W.2d at 543); *see also State v. Tipton*, 13 S.W.3d 397, 399-400 (Tenn. Crim. App. 1999). Thus, we agree with the State that the defendant's reliance upon *McJunkin* is misplaced. Moreover, we would note that while Tennessee Rule of Criminal Procedure 32(e) provides that the trial judge should sign the judgment of conviction, Rule 36 further provides that "[c]lerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time."

Finally, as also asserted by the State, Tennessee Code Annotated section 40-35-209(b) (2006) provides that "reliable hearsay including . . . certified copies of convictions . . . may

be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted. . . .” The copy of the questioned judgment in this case was a certified copy of the defendant's 1982 conviction for simple robbery. Additionally, the information was also contained in the presentence report which was also admitted at sentencing, and it has been previously held that trial courts are permitted to rely on the presentence report in determining prior convictions. *See State v. Adams*, 45 S.W.3d 46, 59 (Tenn. Crim. App. 1993). Prior to the admittance of the report, the defendant was specifically questioned if he disputed the convictions and, despite an issue of unrelated duplication between the priors for enhancement and priors for impeachment, the defendant made no objections to the listed convictions. As such, we find that he was correctly determined to be a career offender and that the maximum sentence of fifteen years was statutorily required.

## CONCLUSION

Based upon the foregoing, the judgments of conviction and resulting sentences are affirmed as imposed.

_____
JOHN EVERETT WILLIAMS, JUDGE