# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 12, 2013 Session

## STATE OF TENNESSEE v. STEPHEN BARTHOLOMEW GILLARD

**Appeal from the Criminal Court for Davidson County**
**No. 2010-D-3004      Cheryl Blackburn, Judge**

_____

**No. M2012-00910-CCA-R3-CD - Filed March 27, 2013**

_____

A Davidson County jury convicted the Defendant, Stephen Bartholomew Gillard, of possession of a controlled substance, third offense. On appeal, the Defendant challenges the prior conviction evidence introduced at trial to support the third offense classification for possession of a controlled substance. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Joy S. Kimbrough, Nashville, Tennessee, for the appellant, Stephen Gillard.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Jeff Burks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This cases arises from a police interaction with the Defendant, which resulted in recovery of marijuana from the Defendant's person. As a result, a Davidson County grand jury indicted the Defendant for possession of a controlled substance, possession of a firearm with intent to employ it in the commission of an offense, and aggravated assault.

On appeal, the Defendant challenges the sufficiency of the evidence of a prior conviction for possession of a controlled substance. This evidence was presented in the

second phase of a bifurcated trial. We briefly summarize the evidence from the first phase of trial as follows: The Defendant was at a Mapco gas station at 3:00 a.m. on August 12, 2010, with two other friends. While at the gas station, a police officer inquired about the Defendant's possession of a gun. After additional police officers arrived, the Defendant agreed to a search of his person. During the search, police officers found 1.6 grams of marijuana in the Defendant's pocket. Based upon this evidence, the jury convicted the Defendant of possession of a controlled substance

The trial court then held the second phase of the trial, to determine whether the Defendant's prior convictions for simple possession or casual exchange justified classification of the current offense as an E felony pursuant to Tennessee Code Annotated, section 39-17-418(e). During this portion of the trial, the parties presented the following evidence: Patti Goodman, an employee of the Davidson County Criminal Court Clerk's office, testified that the clerk's office stores and maintains all Davidson County records for criminal and general sessions court. Goodman explained that in Davidson County there are eleven divisions of General Sessions Court and six divisions of Criminal Court. She said that the general sessions courts can only dispose of misdemeanor cases and conduct preliminary hearings on misdemeanor and felony cases to be bound over to the criminal courts.

Goodman testified that she brought with her two files containing charges against the Defendant for possession or casual exchange of a controlled substance. The first file contained a state citation, SC753361, charging the Defendant with simple possession of a controlled substance. This citation was projected on a screen for the jury to view. The citation indicated that the Defendant signed a waiver of his right to a jury trial and entered a guilty plea to the charge on April 24, 2007. Goodman explained that the general sessions court took this guilty plea "under advisement" to allow the Defendant to complete a drug and alcohol education program and return to court on July 2, 2007. On July 2, 2007, the Defendant did not appear in court and had not completed the drug and alcohol education program, so the general sessions court entered the Defendant's guilty plea and placed a ten-day sentence in effect by issuing a capias for the Defendant's arrest. The citation reflected the general sessions court judge's signature, the date of July 2, 2007, and the ten-day sentence for "failure to comply with court orders."

Goodman testified that the other file, GS358623, contained a warrant charging the Defendant with possession or casual exchange of a controlled substance. Goodman said that both the state citation and the warrant contained the Defendant's birth date and social security number. The warrant, GS358623, was disposed of on January 15, 2008, when the Defendant pled guilty and was sentenced to a suspended sentence of six months, to be served on probation. The General Sessions disposition of this charge bore both the judge's and the Defendant's signatures. This document also was projected on a screen for the jury to view.

2

On cross-examination, Goodman testified that she was not in court on April 24, 2007, when the Defendant entered a guilty plea on the state citation. She said that her testimony was based upon her knowledge of the maintenance of the records. Goodman agreed that above the Defendant's signature on the state citation, neither of the boxes indicating guilty or not guilty were marked.

On redirect examination, Goodman clarified that the general sessions court had substituted checking the boxes indicating guilty or not guilty for stamping the order of service of ten days at the bottom of the citation.

Lisa Cooper-Betts, a Davidson County Criminal Court docket clerk, testified that the current case file against the Defendant indicated the same date of birth and social security number as those listed on the general sessions files about which Goodman testified.

Based upon this evidence, the jury convicted the Defendant of possession of a controlled substance, third offense, a Class E felony. The trial court sentenced the Defendant to one year as a Range I, standard offender, and placed the Defendant on two years supervised probation. It is from this judgment that the Defendant now appeals.

## II. Analysis

The Defendant contends that the State provided insufficient evidence that he had two prior convictions to support enhancement of his conviction to possession of a controlled substance, third offense. The State responds that the proof supports the jury's finding of the Defendant's guilt of possession of a controlled substance, third offense, beyond a reasonable doubt. We agree with the State.

When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original); *see* Tenn. R. App. P. 13(e); *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999) (citing *State v. Dykes*, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990)). In the absence of direct evidence, a criminal offense may be established exclusively by circumstantial evidence. *Duchac v. State*, 505 S.W.2d 237, 241 (Tenn. 1973). "The jury decides the weight to be given

to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review [for sufficiency of the evidence] 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In determining the sufficiency of the evidence, this Court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999) (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956)). "Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland,* 958 S.W.2d 651, 659 (Tenn. 1997). "'A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State.'" *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978) (quoting *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973)). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 370 S.W.2d 523, 527 (Tenn. 1963)). This Court must afford the State of Tennessee the "'strongest legitimate view of the evidence'" contained in the record, as well as "'all reasonable and legitimate inferences'" which may be drawn from the evidence. *Goodwin*, 143 S.W.3d at 775 (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000).

A conviction for possession of a controlled substance, as relevant to this case, requires proof beyond a reasonable doubt that the defendant knowingly possessed or casually exchanged a controlled substance not obtained through a valid prescription. T.C.A. § 39-17-

4

418(a)(2006). Simple possession is usually a Class A misdemeanor. T.C.A. § 39-17-418(c). In a case where the defendant has two or more prior convictions for possession, the offense is a Class E felony. T.C.A. § 39-17-418(e)

> Tennessee Code Annotated section 40-35-203(3) provides:
> If the criminal offense for which the defendant is charged carries an enhanced punishment for a second or subsequent violation of the same offense, the indictment in a separate count shall specify and charge that fact. If the defendant is convicted of the offense, then the jury must find that beyond a reasonable doubt the defendant has been previously convicted the requisite number of times for the same offense. Upon such a finding, the defendant shall be subject to the authorized terms of imprisonment for the felonies and misdemeanors as set forth in § 40-35-111.

The evidence, viewed in the light most favorable to the State, proves that the Defendant had two prior misdemeanor convictions to which he pled guilty in general sessions court. The State introduced into evidence a state citation and a warrant indicating that the Defendant pled guilty to simple possession on April 24, 2007, and January 15, 2008, respectively. Both the warrant and state citation confirmed the identity of the Defendant by name, birth date, and social security number. This is sufficient evidence upon which a jury could find beyond a reasonable doubt that the Defendant had two prior convictions.

The Defendant specifically attacks the sufficiency of the state citation arguing that the state citation is inadequate because the box indicating "Guilty" on the state citation was unmarked. The Defendant cites *State v. McJunkin*, 815 S.W.2d 542 (Tenn. Crim. App. 1991) in support of his contention that the state citation in this case is void and can not be used for enhanced punishment. In *McJunkin*, this Court addressed a situation where the prior judgment the State sought to introduce for sentence enhancement was not signed by the trial court. This Court concluded "an unsigned judgment is void" and that the testimony of a court clerk as to the trial judge's normal practice was not enough to overcome the deficiency of an unsigned judgment. *Id.* at 544. The Court reasoned that, "A judgment must be 'full and definite upon its face and not dependent upon extrinsic evidence for certainty or completeness.'" *Id.* (citing *Swanner v. State*, 215 S.W.2d 784 (Tenn. 1948)). The Defendant claims that, because the box indicating "Guilty" above the Defendant's signature is unchecked, the trial court failed to "clearly indicate" a disposition for the case.

Under the circumstances of this case, we believe that the general sessions judgment can be used as the basis for enhanced punishment based upon prior convictions. The state citation contains a narrative of the offense. The Defendant's signature, dated April 24, 2007, is found under the waiver of rights to be tried by indictment or presentment. The trial court

5

did not enter a judgment at that time and, as indicated on the citation, ordered the Defendant to complete a drug and alcohol education course and return to court on July 2, 2007. At the bottom of the citation it is noted that the Defendant failed to attend the July 2, 2007 court date and failed to complete the required drug and alcohol education course. As a result, the trial court entered the judgment against the Defendant for failure to comply, hand wrote in the sentence of ten days, issued a capias for the Defendant's arrest, and signed the judgment.

Therefore, we believe that the omission of a check mark in the box next to "Guilty" on the state citation above the Defendant's signature, in light of the trial court's stamped and handwritten entry of the judgment and sentence, is not an omission of such nature as to make the judgment void. It seems clear that the Defendant entered a conditional guilty plea on April 24, 2007, and when he failed to comply with the next court appointment and the requirement of the completion of a drug and alcohol education course, the trial court entered the judgment against him and sentenced the Defendant to ten days.

This case is distinguishable from *McJunkin*, where there was a clear omission of a judge's signature. Here, there is merely a substitution of the location of the disposition on the judgment form. The citation in this case is "not dependent upon extrinsic evidence" for completeness. *Id.* It merely requires one to look to the bottom of the document where the disposition is stamped and the trial judge hand wrote the sentence length.

The Defendant also asserts that *McJunkin* stands for the proposition that Tennessee Rule of Criminal Procedure 32(e) is applicable to general sessions courts even though not specifically enumerated in Tennessee Rule of Criminal Procedure 1. Because we have concluded that the state citation is not void and did not omit any necessary information, we do not reach this issue.

Accordingly, we conclude that the certified copy of the state citation judgment is not void and that there was sufficient evidence for a jury to find beyond a reasonable doubt that the Defendant had two prior convictions which warranted enhanced punishment. The Defendant is not entitled to relief.

### III. Conclusion

After a thorough review of the record before this Court, we hold that the evidence is sufficient to sustain the Defendant's conviction. The judgment of the trial court is affirmed.

_____
ROBERT W. WEDEMEYER, JUDGE

6