FILED
11/07/2022
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
October 11, 2022 Session

## STATE OF TENNESSEE v. ESPIRIDION EVANGELISTA KOLIMLIM, III

**Appeal from the Criminal Court for Wilson County**
**No. 95CC2-2019-CR-1497       Michael Wayne Collins, Judge**

_____

### No. M2020-01363-CCA-R3-CD
_____

Defendant, Espiridion Evangelista Kolimlim, III, appeals the criminal court's dismissal of his general sessions appeal from payment of a traffic citation after he filed a motion to withdraw payment of the citation. Following our review of the entire record, oral arguments, and the parties' briefs, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ. joined.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Espiridion Evangelista Kolimlim, III.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Jason L. Lawson, District Attorney General; and Brian Fuller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant, a truck driver with a California commercial driver's license, was issued a traffic citation on May 8, 2019, by a Tennessee State Trooper for failing to exercise due care in a traffic accident in violation of Tennessee Code Annotated section 55-8-136. Defendant's court date in the Wilson County General Sessions Court was set for July 11, 2019. The citation was signed by Defendant in the lower-left-hand shaded box acknowledging receipt of the citation and that his signature was not an admission of guilt. Defendant did not sign the waiver on the lower-right-hand side of the citation. The issuing trooper's signature appears on Defendant's waiver signature line on the lower-right-hand

side of the citation as well as on the trooper's signature line on the lower-left-hand side. There was a box checked on the lower-right-hand side of the citation that contained the following language: "YOU MAY PAY BY MAIL. IF YOU WISH TO PLEAD GUILTY TO THE OFFENSE CHARGED AGAINST YOU, YOU MUST SIGN THE WAIVER PRINTED BELOW AND MAIL THIS COPY OF THE CITATION AND THE PRESCRIBED AMOUNT SET BY THE COURT." The citation further read:

> In consideration of my not appearing in Court, I, the undersigned, do hereby enter my appearance on the Affidavit for the offense charged on this notice and WAIVE the reading of the Affidavit in the above named cause and the right to be present at the trial of said action. I hereby enter a plea of Guilty and waive the right to prosecute, appeal, or error proceedings. I understand the nature of the charge(s) against me; I understand my right to have counsel and I waive this right and the right to a continuance. I waive my right to trial before a judge or jury. I plead GUILTY to the charge(s), being fully aware my signature to the plea will have the same effect as a judgment of this court and that a record of it will be sent to the Tennessee Department of Safety Records Section.

Defendant did not seek a continuance, as was his right set forth in the citation, and it is undisputed that on July 24, 2019, he paid the citation online in lieu of appearing in general sessions court. A copy of the online payment receipt was not included in the record on appeal. The back side of the citation, containing the disposition/judgment information, is included in the record on appeal and indicates that the citation was disposed of by the Wilson County General Sessions Court. The disposition/judgment information does not reflect the date the case was settled, is not signed by the general session judge, and none of the boxes for "guilty," "not guilty," "dismissed," or "other," are checked. There is only a numerical code in a small box marked "Disposition."

On August 26, 2019, Defendant filed a "Motion To Hear or Rehear Traffic Case, Set Aside Payment of Traffic Citation For Mistake And/Or To Set Aside The Retired Status and Judgment of Traffic Citation." In his motion, Defendant asked the general sessions court to "set aside his payment of his traffic citation for mistake and/or to set aside the 'retired' status and judgment resulting from the payment of his traffic citation pursuant to Tenn. Code Ann. § 55-10-207(e)[.]" Defendant, relying on *Williams v. Brown*, 860 S.W.2d 854, 856 (Tenn. 1993), argued that payment of the citation "was not a guilty plea, nor an acknowledgement of guilt" and has had a "negative effect on his commercial driving privileges." He further argued that when he paid the citation, he did not know that this conviction for "Drivers to Exercise Due Care" would seriously affect his commercial driving privileges and his ability to work and that paying the citation was a "mistake of fact." A handwritten note on Defendant's motion indicates that the case was set to be heard on November 14, 2019. On November 6, 2019, Defendant filed an "Argument in Support

of Motion To Hear or Rehear Traffic Case, Set Aside Payment of Traffic Citation For Mistake And/Or To Set Aside The Retired Status and Judgment of Traffic Citation." In another handwritten note on Defendant's argument in support of his motion, the general sessions court denied the motion on November 14, 2019. On November 20, 2019, Defendant appealed the general sessions court's denial of his motion to the trial court, and the State filed a response.

On June 4, 2020, the trial court held a hearing on the matter. There is no transcript of the hearing; however, a statement of the evidence filed by Defendant and approved by the trial court, reflects that the court granted Defendant's motion to set aside the judgment of the general sessions court and set the case for trial on September 3, 2020. The record contains a docket sheet for June 4, 2020, which states, "9/3/20 @ 9 for trial." At the hearing on September 3, 2020, the State argued:

> And, Judge, it's been here a couple of times, but the State's position of this is, it's an appeal from General Sessions on a citation for due care, I believe. Judge, he's [sic], the State's position is, this isn't a proper appeal. The ticket was paid, went in as a guilty plea in July. He came back, I want to say two months later, maybe three months later, with [trial counsel], made a motion to set aside his payment of that ticket. They subpoenaed the officer, put it on a District Attorney's day in General Sessions[.]
>
>       \*      \*      \*
>
> Judge Berry denied that motion, to my understanding, and told him he could appeal. But what, my understanding from the clerk, what he could appeal was, there was a pay plan that was set up because there was additional subpoenas that have to be set for that hearing, and so they put him on a pay plan. And that was what was appealed, or what they thought was appealed. Not the original ticket, because that was two, three months before; had already been sent into the State; was already his history.
>
> So, the State's position is, this is not a proper appeal within the ten days from, from the finding of guilty or payment of ticket; however, you want to say it. And this should be dismissed and sent back to General Sessions.

The State also argued that Defendant's assertion that payment of the fine and costs did not amount to a plea, and would result in a "never ending time frame for someone to come back in an appeal." Defense counsel argued that Defendant was appealing the denial of his motion to set aside payment. He again argued that pursuant to *Williams v. Brown*,

"payment of the citation is not [. . .] a finding of guilt or a conviction." Therefore, the trial court had jurisdiction to set aside Defendant's payment of the citation in this case.

The trial court referenced the court docket sheet during the hearing noting that the docket entry for June 4, 2020, only stated "for trial." The trial court further pointed out that there was no order filed from the June 4 hearing; therefore, it was unable to determine if the notation "for trial," meant a trial on the motion or to hear the case de novo. The trial court ultimately denied Defendant's "Motion To Hear or Rehear Traffic Case, Set Aside Payment of Traffic Citation For Mistake And/Or To Set Aside The Retired Status and Judgment of Traffic Citation."

Defendant filed a notice of appeal. The State filed a motion to dismiss the appeal based on lack of jurisdiction, and Defendant filed a response. This court denied the motion, holding that the case should be fully briefed to ensure adequate review.

**Analysis**

On appeal, Defendant argues that the trial court abused its discretion "in granting the State's verbal motion to deny Defendant's written motion to set aside his 'payment in lieu of appearance' after the motion had been previously granted and the case set for trial on the merits based upon application of the facts and law." He further contends that the record "contained clear evidence that a disposition of guilt or conviction was never entered in this case" because the disposition page of the original traffic citation "did not have a judge's signature and did not show a conviction or guilt." The State responds that the appeal should be dismissed because Defendant's motion to withdraw his guilty plea in the general sessions court was not timely filed. The State further contends that to the extent this court "finds some deficiency with the general sessions judgment, such would also support dismissal of this appeal."

Initially, we will address alleged deficiencies in the general sessions judgment form located on the back of the citation. Defendant was issued a citation for violating Tennessee Code Annotated § 55-8-136, a Class C misdemeanor. The disposition/judgment information contained on the back of the citation does not reflect the date that it was settled, the general session judge's signature or show that any of the boxes for "guilty," "not guilty," "dismissed," or "other," were checked. There is only a numerical code in a small box marked "Disposition." This court has said:

> The General Sessions Court is not a court of record in Tennessee. There are no signed minutes or other means of verifying a judgment that is not complete on its face. An unsigned judgment is void and

- 4 -

cannot be used as proof of a prior conviction for the purpose of enhancing the sentence for a subsequent conviction.

*State v. McJunkin*, 815 S.W.2d 542, 543 (Tenn. Crim. App. 1991). Although the parties agreed that Defendant paid his traffic citation online, there is nothing in the record concerning the procedures for verification of online payments and entry of conviction. The record on appeal also lacks any information explaining the numerical code listed in the disposition section of the judgment form. Therefore, from the record, we cannot discern how the online payment process relates to the general sessions judge's signature, and we are unable to determine whether the judgment is void in this case because it was not signed. When a party seeks appellate review, there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. *State v. Ballard,* 855 S.W.2d 557, 560 (Tenn. 1993) (citing *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn. 1983)). As a result, we are unable to determine whether the judgment is valid, and we are without jurisdiction to review the merits of Defendant's claim, and accordingly dismiss his appeal.

Even if the judgment in this case were determined to be valid, Defendant is not entitled to relief. Tennessee Code Annotated § 55-10-207(f) provides that "[p]rior to the time set for the person to appear in court to answer the charge, the person cited may elect not to contest the charge and may, in lieu of appearance in court, submit the fine and costs to the clerk of the court." Defendant's assertion that payment of a fine in lieu of appearing in general sessions court is not a guilty plea or a conviction is misplaced. In *State v. Julie A. Morgan (Moran)*, No. E2017-00532-CCA-R3-CD, 2018 WL 1391629, at *2 (Tenn. Crim. App. Mar. 20, 2018), *no perm app filed*, this court said:

> "[T]he payment of a traffic fine [pursuant to section 55-10-207(f)] is very closely analogous to a plea of nolo contendere." *Williams v. Brown*, 860 S.W.2d 854, 856 (Tenn. 1993). A defendant who pleads nolo contendere "does not expressly admit [her] guilt, [but] such a defendant effectively consents to being punished as if [she] were guilty." *State v. Crowe*, 168 S.W.3d 731, 747 (Tenn. 2005). "By entering a nolo contendere plea, a defendant waives several constitutional rights and consents to the judgment of the court." *Id*. at 748. Contrary to the Appellant's argument, her payment of the fine and costs resulted in the entry of a judgment of conviction against her for violation of Tennessee Code Annotated section 55-8-152.

*Id*.; *see also State v. Daljit Singh*, No. E2021-01040-CCA-R3-CD, 2022 WL 2373437, at *2 (Tenn. Crim. App. June 30, 2022), *no perm. app. filed*. Defendant's payment of the fine in this case resulted in the entry of a judgment of conviction against him for a violation of Tennessee Code Annotated section 55-8-136.

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a motion to withdraw a guilty plea for any fair and just reason before the sentence has been imposed. Tenn. R. Crim. P. 32(f)(1). After the sentence has been imposed but before a judgment becomes final, "the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). "In general sessions court, a judgment becomes final after ten days." Tenn. Code Ann. § 27-5-108(a); *Julie A. Morgan (Moran)*, 2018 WL 1391629, at *2; *Daljit Singh*, 2022 WL 2373437, at *3. In this case, Defendant paid his traffic citation on July 24, 2019. He did not file his motion to withdraw his guilty plea until August 26, 2019, well after any judgment of conviction had become final. Therefore, any challenge to Defendant's conviction for failing to exercise due care in a traffic accident was "necessarily limited to post-conviction remedies." *Morgan* at *2. In this case, Defendant's motion failed to "state a cognizable claim for any form of post-conviction relief." *Id*. Accordingly, the trial court properly dismissed Defendant's appeal from the general sessions court, and he is not entitled to relief.

## CONCLUSION

Based on foregoing analysis, we dismiss the appeal.

_____
JILL BARTEE AYERS, JUDGE

- 6 -